1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00180-LK |
| Plaintiff, | ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |
| v. | |
| JOSE PALEO et al., | |
| Defendants. | |

12

13

14

15

16    This matter comes before the Court on the unopposed motion by Defendants Glauco

17  Guardado-Rodriguez, Araceli Salas, Maria Aguilar, Miguel Thomas, Ryan Holmquist, and

18  Timothy Hursh ("Movants") to continue the trial date and to extend the date for filing pretrial

19  motions. Dkt. No. 96. Defendants Jose Paleo, Octavio Guzman, Ryan Terry, and Tad Fulton have

20  not joined the motion. *Id.* at 1. Movants seek to continue the trial date to May 8, 2023, and to

21  continue the pretrial motions deadline to March 23, 2023. *Id.* Counsel for Movants attest that the

22  Government is not opposed to the motion. *Id.*

23    On October 19, 2022, a grand jury returned an indictment charging Movants with several

24  counts related to a conspiracy to distribute controlled substances. Dkt. No. 1. Each Movant except

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 1

1  for Defendant Aguilar is charged with Conspiracy to Distribute Controlled Substances under 21

2  U.S.C. §§ 841(a)(1) and 846. *Id.* at 1–2. Defendants Paleo, Guzman, and Guardado-Rodriguez are

3  charged with Possession of Controlled Substances with Intent to Distribute under 21 U.S.C.

4  §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 18 U.S.C. § 2. *Id.* at 2–4. Defendants Paleo, Guardado-

5  Rodriguez, Salas, and Aguilar are charged with Conspiracy to Commit Money Laundering under

6  18 U.S.C. § 1956. *Id.* at 4–5. All Movants have pleaded not guilty to the charges against them, and

7  are scheduled to be tried before a jury on December 19, 2022. Dkt. Nos. 33, 37, 46, 50, 73, 89. A

8  trial date has not yet been set for Defendants Jose Paleo, Octavio Guzman, Ryan Terry, and Tad

9  Fulton. Defendant Paleo has been arrested but not yet arrived in this District. Dkt. No. 96 at 1.

10  Defendants Guzman and Terry have not yet been arrested. *Id.* And Defendant Fulton was recently

11  detained but has not determined whether he wishes to join the motion. *Id.*; *see also* Dkt. Nos. 99,

12  100.

13        Counsel for Movants seek to continue the trial date to May 8, 2023 because "[c]ounsel will

14  need additional time to review the discovery, to prepare pretrial motions if applicable, and to

15  prepare for trial." Dkt. No. 96 at 2. They note that discovery in this matter is "sufficiently extensive

16  that the defense is seeking the assistance of" a discovery coordinator. *Id.*; *see* Dkt. No. 90. The

17  motion to appoint a discovery coordinator describes a voluminous record consisting of

18  "investigative reports, cellphone data, surveillance videos, and audio recordings . . . comprised of

19  roughly 3000 files encompassing 20 Gigabytes of data." Dkt. No. 90 at 2. Discovery also includes

20  pole camera footage for a 30-day period, GPS phone data on multiple devices, and tracker data on

21  multiple vehicles. *Id.* Based on these facts, counsel "specifically assert that the extension of time

22  is necessary to provide adequate and effective representation," and that "the parties agree that

23  proceeding with the current trial and motions dates would result in a miscarriage of justice." Dkt.

24  No. 96 at 2.

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 2

1    All Movants have filed waivers under the Speedy Trial Act, waiving their right to a speedy

2   trial through at least May 29, 2023. Dkt. Nos. 95, 97–98, 104, 106–07. The non-moving

3   Defendants have not responded to the motion or filed waivers.

4    Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by

5   granting a continuance outweigh the best interest of the public and the Defendants in any speedier

6   trial. Specifically, the Court finds that failure to grant the requested continuance would likely result

7   in a miscarriage of justice and would deny defense counsel the reasonable time necessary for

8   effective preparation, taking into account the exercise of due diligence, due to counsel's need for

9   more time to review discovery, consider pretrial motions and defenses, consult with their clients,

10   and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). This is especially true here, where

11   there are nine different defendants alleged to have been involved in a drug trafficking and/or

12   money laundering conspiracy and voluminous discovery is at issue, involving thousands of

13   documents and many gigabytes of surveillance data. Dkt. No. 96 at 2; Dkt. No. 90 at 2. The Court

14   finds that the additional time requested is a reasonable period of delay and will be necessary to

15   provide counsel and Defendants reasonable time to accomplish the above tasks.

16    For these reasons, the Court GRANTS the motion, and ORDERS that trial shall be

17   continued from December 19, 2022 to May 8, 2023. It is further ORDERED that, pursuant to 18

18   U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the original December 19, 2022 trial date

19   to the new trial date is EXCLUDED when computing the time within which Defendants' trial must

20   commence under the Speedy Trial Act. Pretrial motions are due no later than March 23, 2023.

21    Dated this 5th day of December, 2022.

22

23    *Lauren King*
      _____
      Lauren King
      United States District Judge

24

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 3